## A. W. Murray v. The State.

### No. 1384. Decided March 2, 1898.

**Misdemeanor Cases—Special Instructions—Practice.**

Article 719, Code of Criminal Procedure, provides, that in misdemeanor cases the court is only required to charge the jury upon the request of counsel, and where counsel request instructions in such cases, it is proper that the court should refuse to give them unless they are presented in writing.

Appeal from the County Court of Taylor. Tried below before Hon. D. G. Hill, County Judge.

Appeal from a conviction for simple assault; penalty, a fine of $5.

The information charged appellant with an aggravated assault upon one R. A. Johnston, with a stick, a deadly weapon, on the 30th of June, 1897. The prosecution abandoned the charge for an aggravated and only claimed a conviction for a simple assault.

Mrs. Murray, the wife of defendant, was an eyewitness, and she gives, in her testimony, quite a clear account of the transaction; and her testimony, being in the main corroborated by that of other witnesses, it is only necessary to an understanding of the case that it should be reproduced.

She testified as follows: That on the morning of June 30, 1897, her little girl came running towards her house, crying, and she heard Johnston scolding at the child. She went to meet her, and said that if Johnston did not let her children alone she would hack him to pieces with a butcher knife. "Johnston came to my house afterwards, that morning, while my husband was away from home, and said to me that was a nice remark I made about him. I told him to go and talk to my husband. He then said if I did not quit my talk he would give me thunder. I told him he was no gentleman, else he would not try to raise a fuss with me when my husband was absent, and to go to him. Our houses are very close together, and I have often heard Johnston curse and swear about the place. On the evening of June 30, 1897, I heard loud talking out at the cow lot, and saw Johnston and my husband down there, and took my two little children and went down there. When I got there, Johnston was quarreling at my husband, saying that he had accused him of stealing our meat and milk and telling lies on him. My husband was milking the cow, and told him that he had taken enough off him, about as much as he could stand; to go away; and told him he had threatened to give me 'thunder.' Johnston denied it. My husband then asked me if he did, and I said, 'Yes, he did.' Then Johnston said it was a lie, a damn lie, and a God damn lie. My husband then picked up a plank about three feet long, two and a half inches wide, and a half inch thick, when Johnston turned and started for the gate; my husband threw the stick at him and struck him on the back. Johnston then picked up the stick, and he and my husband clinched. Johnston struck my husband a number of times on the head, when they fell, my

husband on the bottom. I then ran up with my baby in my arms and a stick in the other hand, and hit Johnston several times on the head, when he raised up as if to strike me. My husband got up and Johnston ran off."

*William H. Lockett*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a simple assault, and his punishment assessed at a fine of $5.

A bill of exceptions was reserved to the action of the court in failing to charge the law applicable to the right of the defendant "to use all necessary force to protect his castle and premises, and his family while thereon, from threatened attack and from insult, and in doing so he would not be the aggressor or a violator of the law." Appellant verbally requested the court to charge this as a part of the law of the case. Article 719, Code of Criminal Procedure, 1895, provides: "In criminal actions of misdemeanor, the court is not required to charge the jury except at the request of counsel on either side; but when so requested, shall give or refuse such charges with or without modification as are asked in writing." The defendant did not reduce this phase of the law to writing and request it in a special charge. This was his duty, under the statute. As the defendant has not brought himself within the purview of this statute, we deem it unnecessary to enter into a discussion of the applicability of such a charge to the evidence adduced on the trial. Appellant also contends that the evidence does not support the conviction. We are of opinion that it does. The judgment is affirmed.

*Affirmed.*