### JACOB NOODLEMAN V. THE STATE.

No. 3215. Decided October 14, 1914.

Rehearing denied November 11, 1914.

**1.—Desertion—Wife—Minor Children.**

Upon trial under an information containing two counts, one charging defendant with desertion of his wife and the other with refusal to provide for and support his two minor children, where the evidence was insufficient on the first count, but sufficient under the second and the verdict was general, a conviction was sustained.

**2.—Same—Statutes Construed—Jurisdiction—Venue.**

It is the intention of the law that although the abandonment or desertion may have taken place at one place, yet if the wife and children reside in another county for six months during which time the husband wilfully refused to support his children, etc., he may be prosecuted and convicted in the county in which the children and their mother reside.

**3.—Same—Evidence—Jurisdiction—Case Stated.**

Where defendant and his wife and their children had resided in the county of the prosecution more than six months prior to the filing of the information, said county had jurisdiction, although the actual abandonment of the wife had taken place elsewhere, it appearing that defendant knowingly and wilfully refused to support the children.

**4.—Same—Evidence—Prior Acts of Desertion.**

While defendant could not be punished for acts of dereliction in not providing for his minor children prior to the time the law went into effect, yet there was no error in admitting evidence of said prior acts which continued long after the filing of the information and that the defendant knew of the destitute condition of his children, the court properly limiting the testimony.

**5.—Same—Misconduct of Jury—Outside Evidence.**

Where, upon trial of abandonment of wife and minor children, the defendant, in his motion for new trial, complained of the misconduct of the jury because they had discussed the punishment in another case, but the same was not such misconduct as would authorize a reversal, there was no reversible error.

**6.—Same—Argument of Counsel.**

In the absence of a bill of exceptions to the language of prosecuting attorney, the matter can not be reviewed on appeal.

Appeal from the County Court of Harris County at Law. Tried below before the Hon. C. C. Wren.

Appeal from a conviction of abandonment of wife and certain minor children; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Heidingsfelders,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was tried under an information containing two counts, one charging him with deserting his wife, and the second charging him with refusing to provide and support his two minor children, Arthur and Lillie Noodleman, both of whom were under sixteen years of age.

The evidence would clearly show that appellant had abandoned his wife before he came to Texas—his testimony and the testimony of his wife clearly show that fact, although they differ in many other material particulars. The abandonment of the wife having occurred in a foreign State, we doubt very much if a verdict could be sustained under that count in the information, but as the verdict is general it can be applied to the second count in the information if the evidence will sustain a verdict under that count. It is the clear intention of the law that although the abandonment or desertion may have taken place at one place, yet if the wife and children reside in another county for six months, during which time the husband wilfully refuses to support his children, and knowingly and voluntarily leaves them in destitute and necessitous circumstances, he may be prosecuted and convicted in the county in which the children and their mother have their residence, for the law provides: "An offense under this act shall be held to have been committed in the county in which such wife, child or children may have been at the time the abandonment occurred, or in the county in which such wife, child or children shall have resided for six months next preceding the filing of the information." Appellant and his wife and children had both resided in Houston, Harris County, more than six months prior to the filing of the information in this case, therefore that county would have jurisdiction even though the actual abandonment had taken place elsewhere, in so far as refusal to provide for the support and maintenance of his two minor children is concerned. In this case it

appears that appellant had been residing in Harris County for several years; that his wife and children came to Harris County in the fall of 1912, and it is doubtless just such cases as this that induced the Legislature to make it a crime to refuse to support the abandoned children.

It is true that appellant could not be punished for failure to do so up to the time this law went into effect—July 1, 1913, but the prosecution was not begun until long after that date, and the evidence clearly shows that appellant, though able to do so, had contributed nothing to the support and maintenance of the children from and after July 1, 1913, up to the time of the institution of this prosecution. If it had not been for Mrs. Ella Love, Rabbi Wilner and the Social Service Confederation they would have perhaps been left to starve. The fact that they were found by these people in needy and destitute condition prior to July 1st did not render such fact inadmissible, as contended by appellant, when it is shown by both the testimony of Mrs. Love and Rabbi Wilner that such condition continued to exist from July 1, 1913, continuously to the date of the filing of this information, and that but for the payment of house rent and furnishing of groceries by these good people appellant's children would have had no cover for their heads and insufficient food to sustain life. While the record would suggest that such condition was known to appellant, but if not actually known, he is placed in position where by the exercise of the slightest effort he could and would have known of their destitute condition. He often met his little boy on the street selling papers in an effort to aid in the support of his mother and baby sister, but this did not move appellant to take steps looking towards their welfare, and he left them to be cared for by the charitable people of Houston. It was permissible to show when the abandonment took place, even though it was prior to the time the law became effective, for while he could not be punished for an offense that took place prior to the enactment of the law—that is, the act of abandonment, yet under the terms of the law he could be punished for failure to provide for the support and maintenance of his children under sixteen years of age in destitute circumstances, after the law became effective, and the court in his charge instructed the jury that they "could not consider any fact or circumstance occurring prior to July 1, 1913, for any purpose in this case, except as a circumstance tending to show or not to show (according as you find the fact to be)" the condition of the wife and children subsequent to July 1, 1913. Thus it is seen that the court rendered it certain that the jury could not convict appellant for anything done prior to the time this law became effective. If appellant desired fuller instructions in regard to this matter, this being a misdemeanor, he should have requested such instructions, and not relied upon his objections to the testimony being wholly inadmissible, for the testimony was properly admitted as showing their destitute condition on July 1st, and subsequent to that date, and especially is this true where the testimony shows that although it was prior to July 1st when Mrs. Love and Rabbi Wilner found them in destitute circumstances and they began their contributions, yet this

condition continued up to and inclusive of the date of filing the information herein.

By another bill it was shown that three of the jurymen who tried appellant had also been members of the jury who had convicted one Scardino of wife desertion on a prior day of the term, and after the jury in this case had agreed that appellant was guilty and they were discussing the punishment, some being for a graver punishment than the others, one of those who had served in the Scardino case said they ought not to assess as high a punishment as in the Scardino case, as it was a worse case than this case, and in fact the jury in this case did not assess against this appellant as heavy punishment as assessed in the Scardino case. That was not receiving any additional testimony bearing on appellant's guilt or innocence, and if it had any effect (which all six of the jurymen deny) it appears it caused them to assess a less penalty, and is not such misconduct as would authorize a reversal of the case.

If the prosecuting attorney made use of the language complained of in the motion for new trial, it is not verified by bill of exceptions, and under such circumstances we can not review this ground of the motion.

There being no reversible errors pointed out the judgment is affirmed.

*Affirmed.*

[Rehearing denied November 11, 1914.—Reporter.]

