## Lido Parroccini v. The State.

### No. 6180.  Decided March 30, 1921.

### Rehearing denied November 23, 1921.

**1.—Negligent Homicide—Information—Motion to Quash—Bill of Exceptions.**

Where the record contained a motion to quash, but was entirely silent as to whether the attention of the court was ever called to it, or took action upon it, same cannot be considered, in the absence of a bill of exceptions; and the court will only look to the information as to whether it charges an offense.

**2.—Same—Motor Vehicle—State Highway Law—Statutes Construed. .**

Article 820-o, of the so-called State Highway Law, with reference to motor vehicles, provides among other things that it shall be unlawful to drive an automobile at a rate of speed in excess of twenty-five miles per hour; and where the information under this article alleged that the defendant drove at a rate in excess of twenty-five miles an hour, the same alleged an offense under said article; and a motion to quash was correctly overruled; although other parts of the indictment may have been insufficient. Following Noodleman v. State, 74 Texas Crim. Rep., 611.

**3.—Same—Evidence—Negligence—Intoxicating Liquors—Circumstantial Evidence.**

Upon trial of negligent homicide in driving in excessive speed over twenty-five miles per hour, there was no error in admitting testimony of the finding of bottles about the wrecked car after the accident, some of which were full of wine and some empty; and also smelling liquor on defendant's breath. This was admissible on the issue of negligence under the charge of unlawful driving.

**4.—Same—Argument of Counsel—Practice on Appeal.**

Attorneys employed to prosecute are bound by the same rules that the regular State's attorney must observe; but where the proposed question which was improper was not answered and the jury were instructed not to consider the question, there was no reversible error.

**5.—Same—Argument of Counsel—Personal Opinion—Harmless Error.**

It is improper for counsel to express their personal opinion in argument as to the guilt or innocence of defendant, but where a special instruction on the subject was not asked withdrawing said argument, such conduct of counsel will not cause a reversal. Following Hinton v. State, 144 S. W. Rep., 619, and other cases.

**6.—Same—Evidence—Speed of Automobile—Opinion of Witness—Rule Stated.**

A witness who is accustomed to observe the running of an automobile is a competent witness upon the speed of the automobile. Following Campbell v. Warner, 24 S. W. Rep., 703.

**7.—Same—Charge of Court—Motion for New Trial—Requested Charges—Rule Stated.**

The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charge as given; and special instructions requested. Otherwise, this court will not revise supposed errors. Following Basquez v. State, 56 Texas Crim. Rep., 329, and other cases; and Article 723, C. C. P., has not changed the rule with reference to misdemeanors. Following Schoennersadt v. State, 55 Texas Crim. Rep., 638.

**8.—Same — Requested Charges — Presumption of Innocence — Reasonable Doubt.**

Where the court had already told the jury, in his main charge that defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, there was no error in refusing requested charges on the same subject.

**9.—Same—Intoxicating Liquors—Charge of Court—Negligent Homicide.**

Upon trial of negligent homicide, where testimony as to intoxicating liquors found about defendant was material, on the issue of negligence, there was no error in refusing a charge requested by defendant not to consider such testimony.

**10.—Same—Newly Discovered Evidence—Motion for New Trial.**

Where the motion for new trial, on account of newly discovered evidence, was not supported by affidavit, the same could not be considered on appeal. Following Young v. State, 86 Texas Crim. Rep., 621.

**11.—Same—Misconduct of Jury—Statement of Fact—Adjournment of Court.**

It is mandatory that the statement of facts of the testimony adduced upon motion for new trial shall be filed during the term of court, otherwise it cannot be considered on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608, and other cases.

**12.—Same—Rehearing—Practice on Appeal.**

Where appellant in his motion for new hearing presents no new matter, the motion will be overruled.

Appeal from the County Court of Clay. Tried below before the Honorable E. W. Coleman.

Appeal from a conviction of negligent homicide; penalty, a fine of $1000.

The opinion states the case.

*Jameson & Alcorn, Frank Holaday, Wantland & Dickey,* for appellant.—On question of construction of statute and insufficiency of information: Talbot v. State, 125 S. W. Rep., 906; Chant v. State, 166 id., 513.

On question of testimony with reference to intoxicating liquors: Draper v. State, 22 Texas, 400; Saddler v. State, 20 Texas Crim. App., 195.

On question of argument of counsel: Smith v. State, 55 Texas Crim. Rep., 563; McKinley v. State, 52 id., 182.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The appellant was convicted of negligent homicide and his punishment assessed at a fine of one thousand dollars.

On March 30, 1920 the appellant and Riley and Dave Milton left the city of Montague on their way to the oil fields in a high-powered Marmon car which belonged to Dave Milton. Dave Milton drove the car to Henrietta and a few miles beyond, at which time the appellant commenced to operate it, and a short time thereafter the car was wrecked, being turned over and killing Riley Milton and rendering Dave Milton unconscious for a time. The evidence showed that the car was running at a very high rate of speed and this is not denied by the appellant himself. He admits that he was ascending a hill and feeding the car gasoline and had attained a speed of some fifteen, twenty or twenty-five miles per hour, and that as they passed the top of the hill he lost control of the car, and claims that the foot accelerator hung; that he was unfamiliar with the car, having been used to driving a Ford, and that the car continued to increase in speed up until the time of the accident. The State controverted appellant's contention that the speed of the car was not caused by him purposely, and showed by a number of witnesses that quite a number of bottles were found at the place of the accident, some full of wine, some empty, and some of them broken. The appellant was seen by one witness to be throwing something out in the field immediately after the accident, and bottles of wine were found in the field. It is not necessary to make a further statement of the evidence as it will appear to some extent in the discussion of the case on other branches.

As one of the grounds of appellant's motion for new trial, he urges that the court erred in overruling his motion to quash the information. The record contains a motion to quash, but is entirely silent as to whether the attention of the court was ever called to it, and fails to show that the court took any action whatever on it; no bill of exceptions was reserved to such action as the court may have taken, if any. Hence we cannot consider the matter further than to ascertain whether the information charges an offense. It contained two counts; conviction was under the first, and we will disregard the second. The first count alleges that apepllant was engaged in the performance of an unlawful act, in that he was operating and driving an automobile on the public highway, (1) negligently, carelessly and imprudently not in a careful and prudent manner, and at a rate of speed greater than was reasonable and proper, having regard to the traffic and use of the highway, and (2) did unlawfully operate and pass a motor vehicle (to-wit: an automobile being then and there driven by Mrs. W. S. Nash) on a public highway at such a rate of speed as to endanger the life and limb of the said Mrs. Nash and of the deceased, Riley Milton; and (3) did drive at a rate of speed in excess of twenty-five miles per hour; and that appellant in the performance of the unlawful acts afore-

said, caused the death of Riley Milton, who was in the car with him; and that appellant drove the said automobile so negligently, carelessly, imprudently and recklessly, and unlawfully, that it fell on Riley Milton and killed him.

This court has had occasion recently to construe certain provisions of what is known as the "State Highway Law," and has held some of them unenforceable criminally for uncertainty. Griffin v. State, 86 Texas Crim. Rep., 498; 218 S. W. Rep., 494; and in case P. R. Russell v. State, 88 Texas Crim. Rep., 512, we held a part of section A, Article 820 K unenforceable. On the authority of those cases a part of Article 820-O (under which it is sought to bring appellant within the commission of an unlawful act) might be vigorously assailed, namely; subdivisions one and two of the first count; but we find no uncertainty in the third subdivision. Article 820-O, after enumerating the things mentioned above, reads: "Provided, that it shall be unlawful to drive at a rate of speed in excess of twenty-five miles per hour." The first count in the information so charging, and the verdict convicting him under that count, it will be applied to that portion of the count which properly charges an unlawful act, on the same principle that a general verdict of guilty responds sufficiently to an indictment which contains two counts, even if one of the counts be bad, inasmuch as the verdict will be applied to the good count. Boren v. State, 23 Texas Crim. App., 28; Pitner v. State, 37 Texas Crim. Rep., 268; Southern v. State, 34 Texas Crim. Rep., 144; Ferrell v. State, 68 Texas Crim. Rep., 487; 152 S. W. Rep., 901; Noodleman v. State, 74 Texas Crim. Rep., 611; 170 S. W. Rep., 710.

Appellant complains because the trial court permitted witnesses to testify about finding wine bottles about the car after the accident, and smelling liquor on appellant's breath; some of the bottles were full of wine, some empty and some broken. Bills were reserved to this testimony from only two witnesses; the statement of facts disclose that some witnesses testify to the same facts without objection. If there had been error in admitting it from the two witnesses, and others swore to the same facts, no objection being made, the error would be waived. However, we think there was no error. Appellant's contention was that the speed of the car was caused by the foot accelerator becoming stuck; the State's that it was the reckless act of appellant. One witness testified to seeing appellant throwing something out in the field after the car overturned; bottles of wine were found in the field. Appellant says he did not know the wine was in the car until after the accident, and that Riley Milton, before he died, told appellant to get rid of that "stuff." Other witnesses say appellant claimed the wine saying it was for his church. All this testimony was properly admitted. This court is sufficiently informed on the construction and operation of automobiles to know, that a mixture of gasoline through the carburetor, and alcohol in the operator, is a dangerous combination, likely to eventuate in disaster.

During the examination of a witness special prosecutor asked: "After you arrived out there that day (speaking of the date and place of the accident) and during the conversation, who was it said out there, the whole bunch was drunk and ought to be prosecuted?" The question was objected to, and not answered. It was improper. Attorneys employed to prosecute are bound by the same rules the regular prosecuting officers must observe, and should not permit zeal for their clients to lead them into error. By whomsoever they may be employed they still are representing the State. The court instructed the jury not to consider the question, and it being unanswered we will not hold it such error as will cause a reversal.

During the argument counsel for the State said to the jury "I believe this defendant is guilty," and also "I do not believe that this defendant should be permitted to hide behind his priestly robes, but should be convicted like any other criminal." Objection was made, and bills reserved. To the bill presenting the last matter the court adds that "to his best recollection the jury was instructed not to consider the above remarks." No special charge was asked directing the jury not to consider these arguments, and hence cannot be considered. As our comment on the first matter above complained of we quote Section 365, page 206, Branch's. Anno. Penal Code, and authorities cited as follows: "It is improper for counsel in argument to express their personal opinion as to the guilt or innocence of defendant. Such conduct has in some notable instances led to unpleasant strictures on the character of celebrated counsel. If State's counsel unfairly informs the jury that in his opinion the defendant is guilty, the court should instruct the jury to disregard such unfair statement, but where a special instruction on the subject has not been refused, such conduct will not cause a reversal. Pierson v. State, 18 Texas Crim. App., 563; Young v. State, 19 Texas Crim. App., 543; Kennedy v. State, 19 Texas Crim. App., 634; Habel v. State, 28 Texas Crim. App., 600, 13 S. W. Rep., 1001; Thomas v. State, 33 Texas Crim. Rep., 607, 28 S. W. Rep., 534; Spangler v. State, 42 Texas Crim. Rep., 248, 61 S. W. Rep., 314; Hawkins v. State, 71 S. W. Rep., 756; Ball v. State, 78 S. W. Rep., 508; Hinton v. State, 65 Texas Crim. Rep., 408, 144 S. W. Rep., 619."

In his bills of exceptions numbers one and three appellant complains of the trial court permitting———Herron and Mrs. Nash to testify as to the speed of the car appellant was driving, because not sufficiently qualified to speak on that subject. Herron testified that he had ridden in automobiles; could tell whether they were going fast or extraordinarily slow, and could tell whether it was running more than twenty-five miles per hour. Mrs. Nash had seen many cars operated, and had been driving one herself for six years, and said she could tell with fair accuracy the rate of speed they were moving. The subject of "speed" of moving objects does not appear to be one for experts. In the Encyclopedia of Evidence, Volume 5, under the sub-head "Opinions and Conclusions of Non-experts Classified," page 708, we find

this general rule "A witness who has been accustomed to observe the running of railroad trains may testify as to the rate of speed at which a train or engine was running when he saw it, and the same is true of street and electric cars." Tested by this rule it would be difficult to find a man, woman, boy or girl living near any of our public roads who would not be a competent witness on the speed of automobiles. Campbell v. Warner, 24 S. W. Rep., 703.

Counsel for appellant filed many objections to the court's charge, and brings them forward in his motion for new trial, but no special charges were requested correcting what he deemed errors committed by the court in his main charge. Under this state of the record there are many questions we cannot answer. This court, speaking through Judge Davidson in Basquez v. State, 56 Texas Crim. Rep., 329, said: "The rule in misdemeanor cases is, in order to have the charge of the court reviewed, exception must be taken to the charges given, and that special instructions be requested, such as are desired, otherwise this court, under the statute, will not·revise supposed errors. It may be well enough to repeat here what was said in the case of Wood v. State, 75 S. W. Rep., 37: 'This being a misdemeanor case, omissions in the charge of the court must be cured at the time by special written charge requested by appellant. His failure to make such request, even though the omission in the charge be erroneous, will not authorize this court to reverse the case. However, appellant's counsel, in argument before this court, insists that Article ·723, Code of Criminal Procedure of 1985, has changed the rule with reference to misdemeanors. We have carefully examined this question, and, in our opinion, said article merely extends the time of exception to the charge of the court, but in no way cures the failure of the defendant in misdemeanors to tender special charges to the court at the time of the trial. Since the adoption of article 723 this question has been before this court several times, and in each instance we have held that the old line of authorities on the question of charge in misdemeanor cases still applied. Ramsey v. State, 65 S. W. Rep., 187; 3 Texas Ct. Rep., 359; Garner v. State, 70 S. W. Rep., 213; Bush v. State, 70 S. W. Rep., 550. For authorities under the old article, see White's Annotated Code of Criminal Procedure, article 719, sec. 813, subdiv. 6.' See also Schoennerstedt v. State, 55 Texas Crim. Rep., 638, 117 S. W. Rep., 829. The only manner in which appellant presents his criticism of the charge is set out in motion for a new trial. He did not ask special instructions; at least, none are found in the record. Under this condition of things we are not authorized to review the alleged errors." See also Miller v. State, 67 Texas Crim. Rep., 654; 150 S. W. Rep., 635.

We will consider such matters as were presented in special charges and refused by the court. One special charge is as follows: "You are further instructed that it is ·incumbent upon the State to prove each and every material allegation contained in its information beyond a reasonable doubt, and if after having heard all the evidence in this case, and

upon consideration of the same, you have a reasonable doubt as to the guilt or innocence of the defendant, or have a reasonable doubt in your mind as to whether or not the state has proven each and every material allegation, then and in that event it is your duty to resolve that doubt in favor of the defendant and acquit him." It was not necessary for the court to give the foregoing charge. He had already told them in the main charge that "defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and if you have a reasonable doubt as to his guilt" to acquit him; and in a special charge given at appellant's request the jury were told: "You are instructed that every man is presumed to be innocent and that presumption attends him throughout the entire trial, and until the time that you reach your verdict, and you are instructed that the information filed in this case is no evidence of the defendant's guilt, nor is his plea herein any evidence of his innocence, but you are instructed that you are to be guided solely by the evidence that is adduced from the witness stand and the law which is given you by the court, and in arriving at your verdict you are instructed that you are not to be governed by passion or prejudice, by likes nor dislikes, nor are you to arrive at your verdict by any chance, but your verdict is to be the result of calm, deliberate and mature consideration, unbiased and unprejudiced by any external causes, and you shall arrive at your verdict herein only upon those things which have been admitted by the court and the instructions as herein given you." These charges given fully protected appellant in the matters covered by the refused charge.

Appellant also requested the following special charge: "You are instructed that the defendant herein is being tried solely upon the charge of negligent homicide, and you are instructed that any evidence that has been introduced before you showing, or tending to show that the defendant, or any person in the car which the defendant was driving at the time of the alleged homicide, had any intoxicants of any kind, is not material, and has nothing, whatever, to do with this case, and you are instructed to wholly disregard the same." There was no error in the refusal to give this charge; for our reason see our discussion of the admission of testimony on this same question.

Some of the questions attempted to be raised and submitted to us for review, and ones which would present more merit than many others are not brought before us in such manner as permits of our consideration. Appellant sets up in his motion for new trial newly discovered evidence, and attaches the affidavit of T. H. Womack but the motion for new trial is not sworn to. That this is a prerequisite, where the ground of the motion is the discovery since the trial of new testimony material to defendant, has been held by this court in a long line of cases. Many of them will be found cited under sections 193 and 195, Branch's Anno. Penal Code, and an unbroken line of decisions down to Young v. State, 86 Texas Crim. Rep., 727.

No bill of exceptions to the action of the court in overruling the motion is found in the record, not even in connection with the notice of appeal. For these reasons this matter cannot be considered.

Very similar to this condition is appellant's claim of misconduct of the jury. He attempts to present that by "statement of facts" as to the evidence on that issue. It is not in the form of a bill of exceptions, as it should be, and was not filed in the trial court until January 29th, 1921, nearly two months after court adjourned, which occurred on December 4th, 1920. In Probest v. State, 60 Texas Crim. Rep., 608, this court speaking through Judge Ramsey said: "Since the decision of this court in the case of Black v. State, 41 Texas Crim. Rep., 185, it has been uniformly held that the provisions of our statutes, both civil and criminal, with regard to the preparation and filing of statement of fact for appeal, have reference only and exclusively to a state of facts adduced upon the merits of the case before the jury or the court, as the case may be, and that our statutes have no reference to issues of fact formed on grounds set up in motion for new trial, and that the facts as to such issues, in order to be entitled to consideration on appeal, must have been filed during the term. This rule has since been followed by this court in many cases." Citing Mikel v. State, 43 Texas Crim. Rep., 615; Tarleton v. State, 62 S. W. Rep., 742; Reinhard v. State, 52 Texas Crim. Rep., 59; Jarrett v. State, 55 Texas Crim. Rep., 550; Williams v. State, 56 Texas Crim. Rep., 225. See also Kinney v. State, 67 Texas Crim. Rep., 175.

From the record there appears no errors which we can consider, which will require a reversal of the case.

The judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

November 23, 1921.

HAWKINS, JUDGE.—Appellant presents no new matter in his motion for rehearing, but insists we were in error in many particulars in our original opinion. On account of the importance of the case we have re-examined the authorities. We have been unable to bring our minds in accord with the views expressed in the argument on the motion.

Believing correct disposition was made of the case in the first instance, the motion is overruled.

*Overruled.*