## MARIE REED v. THE STATE.

No. 7429.    Decided October 24, 1923.

1.—Fornication—Common Law—Charge of Court—Agreement.

Where, upon trial of fornication, the defense was that of a common law marriage between appellant and his paramour by virtue of a written agreement between the parties, but such agreement would not amount to a valid marriage at common law but the court nevertheless submitted the same

to the jury, instructing them that it was such agreement which constituted a legal marriage, the defendant could not complain. Following Grigsby v. Reib, 153 S. W. Rep., 1124.

### 2.—Same—County Attorney—Practice in Trial Court.

The remarks of the county attorney as to his opinion of a common law marriage having been promptly checked by the trial court, who also told the jury not to consider them and sustained other objections to such question, there is no reversible error.

### 3.—Same—Charge of Court—Practice in Trial Court.

In order to secure consideration of an exception to the court's failure to give that which appellant deemed to be a proper instruction as to the law, a written instruction should have been presented to the trial court embodying the said legal proposition; besides the requested instructions by the county attorney on the issue of a common law marriage were not followed by the court.

### 4.—Same—Rehearing—Common Law Marriage.

Under a common law marriage there must be not only an agreement to become husband and wife, with subsequent living together and cohabitation, but also that such cohabitation and living together must be professedly as husband and wife. In this case there was no such profession.

Appeal from the County Court of Tom Green. Tried below before the Honorable J. T. Mathison.

Appeal from a conviction of fornication; penalty, a fine of $300.00. The opinion states the case.

*Wright & Harris* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—From a conviction for fornication in the County Court of Tom Green County appellant brings this appeal.

The only defense was that of a common law marriage between appellant and Hardy Hay, her alleged paramour. She testified that in 1919 he brought to her a written marriage contract which he had signed, and that she signed same, and that thereafter they lived together as husband and wife. The written agreement was not produced, and she said it was lost. The attorney who drew up a written agreement for Hardy Hay testified to that fact and that Hay signed it in his presence. Combating the proposition of a common-law marriage, the State showed that each year since 1919 appellant had given her name to the telephone directory as Marie Reed. A witness who moved appellant about a year before this trial said he asked her if she was married to Hardy Hay and she said she was not. The city marshal testified that he knew appellant as a single woman, not as a married woman.

The learned trial judge gave a special charge prepared by appellant defining a common-law marriage and instructed the jury that if from the evidence in the case they believed that appellant and Hardy Hay on or about July 15, 1919, had entered into a written agreement whereby they agreed to be husband and wife, that such agreement constituted a legal marriage and appellant should be acquitted. We think such an agreement standing alone would not amount to a valid marriage under the common law and that the charge given was favorable to appellant. Grigsby v. Reib, 105 Texas 597, 153 S. W. Rep., 1124.

The remarks of the county attorney as to his opinion of a common law marriage being promptly checked and reproved by the trial judge, who also told the jury not to consider same, would not call for a reversal. The bills of exception to questions asked by the State's attorney, objection to which were sustained by the court, presents no reversible error.

Objection to remarks of the county attorney as to the burden of proof on the issue of a common-law marriage does not seem to have been followed by any written requested charge instructing the jury not to consider such remarks. It is held by this court that the trial court need not give requested instructions unless presented in writing. Murray v. State, 38 Texas Crim. Rep. 677; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52. If any written request for such instruction was presented it does not appear in the record. This is a misdemeanor case and in order to secure consideration of an exception to the failure to give that which appellant deemed to be a proper instruction as to the law, a written instruction must have been presented to the trial court embodying said legal proposition. Sloan v. State, 75 Texas Crim. Rep., 33, 170 S. W. Rep., 156; Noodleman v. State, 74 Texas Crim. Rep., 611, 170 S. W. Rep., 710.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON REHEARING.

### November 21, 1923.

HAWKINS, JUDGE.—It is urged that we were in error in concluding the evidence to be sufficient to sustain the conviction, and further it is contended that the finding of the jury against the purported "common law marriage" is not supported by the evidence. We are not in accord with these contentions. As stated in our original opinion, the charge given relative to the common-law marriage was more favorable to appellant that she was entitled to. Again

we think appellant in error in her contention that if the agreement to marry be conceded the other evidence is sufficient to show a consummation of the marriage. The evidence shows a cohabitation between her and Hays unquestionably, but under the authority of Grigsby v. Reib cited in our former opinion this would not be enough. As we understand that case, there must be not only an agreement to become husband and wife with subsequent living together and cohabitation, but also that such cohabitation and living together must be "professedly" (as that opinion puts it) as husband and wife. In this case there was no such profession, no holding out to the public that such relation existed between them. On the contrary appellant continued to go by her maiden name, and expressly denied that she was married to Hay.

The motion for rehearing will be overruled.

*Overruled.*