Tony Cook v. The State.

No. 8549.    Delivered December 10, 1924.

No motion for rehearing filed.

Fornication—Common-Law Marriage.

Appellant was convicted of fornication with one Benny Kellam. The evidence shows a common-law marriage had been entered into, long prior to the acts of intercourse. This court, as well as the supreme court of this state has held many times that a *bona fide* common-law marriage is valid. As such it is a good and lawful defense to a charge of fornication. See authorities collated in opinion.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for fornication; penalty, a fine of fifty dollars.

*Houtchins & Clark,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Appellant is under conviction for fornication with punishment assessed at $50 fine.

Our State's Attorney confesses error upon the ground that the evidence shows a common-law marriage had been entered into between appellant and Benny Kellam, and that the living together and cohabitation of the parties was by virtue of this contract of marriage. We agree with his views.

The facts may be succinctly stated as follows: At the time of trial and for nine years prior thereto appellant had been working in the packing house in the city of Fort Worth. For more than a year he and Benny Kellam had been living together and cohabiting, he holding her out as his wife and she holding him out as her husband, she going under the name of Mrs. Tony Cook during all of said time. The witness Benny Kellam (or Mrs. Cook) testified that a little more

than a year prior to the time of trial she and appellant agreed to be man and wife, and that from that time up until the time of trial they had lived together as such; that appellant agreed with her that they should live together as man and wife and that she agreed to the same, and that they actually had lived together and cohabited as husband and wife; that she introduced appellant to her friends and to the public as her husband and that he so introduced her as his wife; that during all the time she lived with appellant she believed their marriage was a valid and legal marriage; that she considered it as such, and that during all of that time appellant had supported and cared for her as his wife, that on the morning of the trial Benny Kellam and appellant obtained a marriage license and were married by a justice of the peace; that their reason for entering into such marriage at that time was because the officers had been accusing them of being unmarried and causing them trouble. Mrs. Cook further testified that she intended to live with appellant thereafter as she had theretofore as his wife. There is evidence in the case from disinterested witnesses that appellant and Benny Kellam had been living together as man and wife, and introduced each other as sustaining such relations. The State introduced a confession of appellant in which he admitted that he and Benny Kellam had been living together as man and wife but were not married. There is nothing in the confession which indicates that at the time he made the same he was interrogated as to whether any agreement had been entered into between them to live together as man and wife. In view of the other evidence we are not inclined to hold that such statement in the confession will overcome the positive testimony that their relations were the result of such agreement, and that they did in fact live together professedly as husband and wife as a result thereof.

This court as well as the Supreme Court of this State has held many times that a bona fide common-law marriage is valid. As such it is a good and lawful defense to a charge of fornication. We think it unnecessary to review the authorities at length but refer to the following: Grigsby v. Reib, et al., 105 Texas Sup. Ct. Rep., 597, 153 S. W. 1124; Nye v. State, 77 Texas Crim. Rep., 389, 179 S. W. 100; Reed v. State, 95 Texas Crim. Rep., 492, 255 S. W. 619; Hearne v. State, 50 Texas Crim. Rep., 43, 97 S. W. 1050; Burks v. State, 50 Texas Crim. Rep., 47, 94 S. W. 1040; Waldrop v. State, —— Texas Crim. Rep., ——, 53 S. W. 130; Holder v. State, —— Texas Crim. Rep., ——, 29 S. W. 793.

For the reasons heretofore given the judgment must be reversed and the cause remanded.

*Reversed and remanded.*