## CHESTER MAC HOWARD V. STATE

No. 29,270. November 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*Carlton & Street*, by *O. M. Street*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Homer G. Montgomery*, *Lem H. Brotherton*, and *A. D. Bowie*, Assistants Criminal District Attorney, Dallas and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is robbery; the punishment, life.

The record contains no bills of exception; formal or informal.

Only two witnesses testified at the trial; the injured party and the arresting officer.

Ed Williams, the injured party, a yard man, testified that he went to a package house at Oakland and Pennsylvania about 9:40 P.M. and purchased a half-pint of whisky which he put in his pocket and started home; that he saw appellant standing outside the package house with another boy and spoke to him; that he had known appellant for seven or eight years.

Williams testified that as he was walking home appellant ran up behind him in a dark spot at the end of an alley, hit him and knocked him down and said "You old black son of a bitch, give up that money;" that appellant and his companion continued hitting him; took his wallet containing $26.91 and the half-pint of whisky and dragged him down the alley; that

appellant said he was going to kill him, but his companion said "No, we got what we want. Don't kill that old man," and both fled after Williams got out his pocket knife and while on the ground stuck appellant.

Williams then made his way back to the liquor store, reported the assault and asked that officers be called.

Officer Hyde, who responded to the call, testified that Williams accompanied him to appellant's home and identified him as one of the persons who robbed him.

The state's evidence was accepted by the jury and we find it sufficient to sustain the conviction.

Appellant's counsel on appeal was employed after the verdict and filed a motion for new trial, and an amended motion, the overruling of which is relied upon as showing an abuse of discretion on the part of the trial judge.

The motion is not sworn to, for which reason alone it is not sufficient to present for review the claimed error in the overruling of the motion on the ground of newly discovered evidence. Olliff v. State, 161 Texas Cr. Rep. 336, 276 S.W. 2d 839; Cartwright v. State, 158 Texas Cr. Rep. 344, 255 S.W. 2d 878; Parroccini v. State, 90 Texas Cr. Rep. 320, 234 S.W. 671.

The remaining ground of the motion for new trial related to the fact that the case proceeded to trial the same day counsel was appointed to represent appellant.

While we do not think that this claim of error is before us in such a manner as to require that we decide whether the court abused his discretion in overruling the motion for new trial alleging this ground, it seems clear that no such abuse of discretion is shown.

Selection of a jury began the day counsel was appointed, and the trial proceeded the next day. These facts alone show no error.

There is nothing to show that appellant or his counsel sought any delay in the trial when counsel employed by appellant withdrew because his fee was not paid. On the other hand, both the state and the defendant announced ready for trial. The case had been previously postponed at the request of appellant's former

468

counsel. We overrule the contention that a new trial should have been granted on the ground that counsel was given no time to ascertain the real facts in the case.

The judgment is affirmed.