**Evelyn Lois BROWNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Gilbert Doyle FLANAGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 41387, 41388.

Court of Criminal Appeals of Texas.

July 10, 1968.

Rehearing Denied Oct. 16, 1968.

**86**

Edward Neill English, Jr., Irving, for appellant, on appeal only.

Henry Wade, Dist. Atty., Douglas Mulder, John Vance, Kerry P. FitzGerald and Malcolm Dade, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION; Judge.

The offense is robbery by assault; the punishment assessed each appellant by the court after a verdict of guilty, 45 years confinement in the Texas Department of Corrections.

The appellants were jointly indicted, jointly tried and each have appealed urging the same grounds of error. Therefore, these causes are consolidated for the purpose of appeal.

■ Appellant's first two grounds of error concern the action of the trial court in overruling their joint amended motion for new trial. Initially, appellants complain that the court erred in refusing to hear evidence on such motion. It is first observed that the motion is not sworn to, for which reason alone it is not sufficient to present for review the claimed error in the overruling of the motion based on newly discovered evidence. Howard v. State, 165 Tex.Cr.R. 466, 308 S.W.2d 45; Olliff v. State, 161 Tex.Cr.R. 336, 276 S.W.2d 839; Cartwright v. State, 158 Tex.Cr.R. 344, 255 S.W.2d 878; Barnett v. State, 163 Tex.Cr.R. 270, 273 S.W.2d

878; Parroccini v. State, 90 Tex.Cr.R. 320, 234 S.W. 671; 41 Tex.Jur.2d, New Trial, Sec. 141, pp. 336, 337; 1 Branch's Anno. P.C., 2nd Ed., Sec. 215, p. 250. The rule stated above is well established and the attached affidavit of the allegedly newly discovered witness alone, as in the case at bar, will not suffice. Martin v. State, 169 Tex.Cr.R. 423, 334 S.W.2d 796; Barnett v. State, supra.

■ Nevertheless, appellants contend the motion was properly sworn to. When the jailed appellants appeared in court at the hearing on the amended motion for new trial they did not seek by amendment to the motion itself to properly verify, which should be permitted if requested. Snow v. State, 91 Tex.Cr.R. 1, 237 S.W. 563. Instead, the appellants were sworn as witnesses and the appellant Evelyn Lois Browning alone was placed on the stand, and the following transpired:

BY MR. MOORE:

"Q. Are you Evelyn Lois Browning?

"A. Yes sir.

"Q. And are you the defendant in this case?

"A. Yes, I am.

"Q. And is Gilbert Doyle Flanagan also a defendant in this cause?

"A. Yes sir.

"Q. And both of you have read the Amended Motion for New Trial that is here before the Court today?

"A. Yes sir.

"Q. Now, do you sware [sic] *that the information pertaining to the facts stated therein are true and correct,* both of you?

"A. Yes sir.

"MR. FLANAGAN: (Appellant) Yes sir.

"MR. MOORE: That's all, thank you.

"THE COURT: Do you want to go up on that?"

 Even if we could conclude that the necessary verification could be accomplished in the manner set forth, we must view the verification as insufficient since the appellants swore only "that the information pertaining to the facts stated therein are true and correct" and not that the allegations in the amended motion for new trial were true and correct. See 41 Tex.Jur.2d, New Trial, Sec. 140, pp. 334, 336 and cases there cited.

Under the circumstances, the trial judge did not abuse his discretion in overruling the amended motion for new trial without hearing evidence. Ground of error #1 is overruled.

For the same reason, ground of error #2 is also without merit. In such complaint the appellants contend that the court erred in overruling the amended motion for new trial in that witness Zon Thomas, who was unknown to the appellants or their counsel at the time of trial, could testify to facts that would cause the jury to render a different verdict.

 It is further observed that the said motion, unlike ground of error #2, contained no allegation that the identity of the witness "who viewed the altercation" was unknown at the time of the trial, nor was there an allegation that the existence of the witness was first discovered after the completion of the trial. No subpoena was issued before or during the trial for this witness, nor was the absence of this witness made the subject of a motion for continuance. Even if the motion had been properly sworn to, it was not explicit enough to satisfy the court that the new testimony was, in fact, newly discovered evidence and that it was not known to appellants or their counsel until after the trial and that it was not due to a lack of diligence that such evidence was discovered sooner. Hill v. State, Tex.Cr.App., 403 S.W.2d 797;

Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612; 1 Branch's Anno.P.C., 2nd Ed., Sec. 217, p. 251; 41 Tex.Jur.2d, Secs. 110–111, pp. 273–282.

 In their third ground of error appellants contend that the *attempt* to introduce the boodstained shirt of the alleged victim, though it served no purpose, so inflamed the minds of the jurors that it caused them to render an improper verdict. Such contention is advanced even though the record reflects, without objection, that the shirt in question was never exhibited to the jury. During the direct examination of the complaining witness it was established that he had been cut and stabbed by the appellant Evelyn Lois Browning. After the complaining witness identified the shirt he wore on the occasion in question, apparently without the jury seeing the same, the State offered the same into evidence, but the court sustained appellant's general objection as to the inflammatory nature of the shirt. The prosecutor then stated "Let the record show that the bloodstained shirt worn by the complainant is not * * *," whereupon he was interrupted by appellant's trial counsel with a request that the jury be instructed to disregard the same for any purpose. The court granted such request and so instructed the jury, but denied appellants' motion for a mistrial. Immediately thereafter the complaining witness testified, without objection, that after the robbery there was blood on his shirt and that the blood was consistent with the wounds on his body. We need not decide whether the prosecutor's statement constitutes reversible error since appellants are deemed to have waived their previous objection when the same or similar evidence was subsequently introduced without objection. Slaton v. State, Tex.Cr.App., 418 S.W.2d 508; Love v. State, Tex.Cr.App., 373 S.W. 2d 242.

It is further noted that the witnesses Thurman and Russo testified, without objection, that when they saw the complaining witness immediately after the alleged

robbery his "insides" or "entrails" were protruding from his body. Appellant Browning, who denied the robbery and related an entirely different version of the altercation than the complaining witness, admitted however, that she had stabbed him.

Ground of error #3 is overruled.

The judgment is affirmed.