**Ruben HARRIS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42717.

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied June 2, 1970.

Hope, Henderson, Hohman & Georges, by James E. Hope, San Antonio, on appeal only, for appellant.

James E. Barlow, Dist. Atty., and Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

■ Initially, appellant complains of the trial court's refusal to consider his amended motion for new trial and to grant a hearing thereon. Appellant contends the court refused since the motion was not signed by him. The motion was based on allegedly newly discovered evidence. The motion was not sworn to by the appellant or his counsel and for this reason alone it is not sufficient to present for review the claimed error. Browning v. State, Tex. Cr.App., 432 S.W.2d 85 and authorities there cited. Such rule is well established and the attached affidavit of the allegedly newly discovered witness alone will not suffice. Browning v. State, supra; Martin v. State, 169 Tex.Cr.R. 423, 334 S.W.2d 796; Barnett v. State, 160 Tex.Cr.R. 622, 273 S.W.2d 878. In the case at bar the amended motion for new trial did not have attached to it the affidavit of the supposedly newly discovered witness. There is found elsewhere in the record such an affidavit which the clerk noted was never filed.

When the trial judge inquired in open court if the appellant refused to present the motion in the form required by law because he did not desire to urge the matter, the appellant personally answered "Right."

The trial court did not err in refusing to consider the amended motion for new trial. Such refusal was not based simply upon the fact that the appellant had not personally signed the said motion.

Ground of error #1 is overruled.

Next, appellant contends the State suppressed evidence material to his guilt or innocence. Appellant's court appointed counsel on appeal has attached to the appellate brief offense reports of Officers Perry and Neaves of the San Antonio Police Department who investigated the alleged offense but who were not called as witnesses. Counsel acknowledged that he had obtained the same from an examination of the State's file after his appointment on appeal. He did not represent the appellant at the trial. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, is cited in support of his contention, though he points to no request for such evidence as there was in Brady.

■ First, we observe that this court will not consider documents attached to appellate briefs as part of the record on appeal. Second, if there exists a constitutional duty of the prosecution to disclose evidence favorable to the accused where the evidence is material to guilt or punishment in absence of a request, as there was in Brady, there is nothing in the record before us to show that appellant and his court appointed trial counsel did not know of such offense reports during the trial or were not allowed to examine the State's file as the appellate counsel was. If such facts were known to the appellant or his trial counsel, he cannot now seek relief on the basis of the State's failure to disclose the same facts. Means v. State, Tex.Cr. App., 429 S.W.2d 490, 496; see Thomas v. United States, 343 F.2d 49, at p. 544, 9th Cir., 1965; United States ex rel. Thompson v. Dye, 221 F.2d 763, at p. 767, 3 Cir., cert. den. Com. of Pa. v. United States ex rel. Thompson, 350 U.S. 875, 76 S.Ct. 120, 100 L.Ed. 773.

Ground of error #2 is overruled.

 His last ground of error contends the trial court erred in admitting into evidence the in-court identification of the appellant by the complaining witness without first determining that such identification was not tainted by an illegal and prejudicial lineup but was of independent origin.

At the trial the in-court identification and proof of the lineup was offered without objection. The complaining witness related he observed the appellant's face prior to and during the course of the alleged robbery and was positive he was one of the two men who assaulted and robbed him.

Only recently in Hall v. State, Tex.Cr. App., 450 S.W.2d 90, we said:

"The ground of error is without merit for a number of reasons. First, there was no objection to Mrs. Webb's in-court identification of the appellant. It is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done, nor has appellant shown a reason for delaying his objection. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; Lucas v. State, Tex.Cr.App., 444 S.W.2d 638; Evans v. State, Tex.Cr.App., 445 S.W.2d 180; Evans v. State, Tex.Cr. App., 444 S.W.2d 641."

Further, the evidence reflects that prior to the lineup Officer Gutierrez advised the appellant of his rights and the appellant executed a written waiver of his right to counsel on San Antonio Police Department Form 141.

. It thus appears that appellant intelligently, knowingly and voluntarily waived counsel's presence at such lineup, and further, the in-court identification appears to be of an independent origin and not tainted by the lineup.

Ground of error #3 is overruled.

The judgment is affirmed.