Gilbert Doyle FLANAGAN, Petitioner-Appellant,

v.

Dr. George J. BETO, Respondent-Appellee.

No. 30622

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1971.

Gilbert D. Flanagan, pro se.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Glenn R. Brown, Asst. Attys. Gen., Austin, Tex., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.

Appellant is presently serving a 45 year sentence for robbery by assault, having been convicted upon trial by jury. The conviction was affirmed at Flanagan v. State, Tex.Cr.App.1968, 432 S.W.2d 85.

In his habeas petition filed in the district court appellant contended as grounds for relief (1) that the trial court erred in refusing to hear evidence on his motion for a new trial and (2) that the trial court erred in not granting the motion for a new trial. These issues were considered on direct appeal and appellant has therefore exhausted his state remedies. The district court denied relief on the basis of the record, stating that appellant failed to raise a constitutional question.

■■ Federal habeas courts do not sit to review the actions of state courts on questions involving the admission of evidence unless there has been a deprivation of a constitutional right. Lisenba v. California, 1941, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Williams v. Wainwright, 5th Cir., 1970, 427 F.2d 921. The state trial court ruled that appellant's motion for a new trial failed to comply with state requirements in that it was not sworn to, and was therefore insufficient. Howard v. State, 1957, 308 S.W. 2d 45, 165 Tex.Cr.R. 466; Olliff v. State, 1954, 276 S.W.2d 839, 161 Tex.Cr.R. 336,

York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

41 Tex.Jur.2d § 141. Clearly this was not in violation of appellant's federally protected rights. The judgment below is affirmed.

Affirmed.