SHEP FINLEY v. THE STATE.

No. 13509. Delivered June 11, 1930.
Reported in 29 S. W. (2d) 346.

The opinion states the case.

*J. M. Rieger*, of Breckenridge, for appellant.

*A. A. Dawson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of property under the value of $50.00, punishment being assessed at ten days in jail and $10.00 fine.

The motion for new trial was overruled on December 7th, and the court gave 90 days from adjournments to file statement of facts. Court adjourned December 28th.

By provision of Subdivision 5, Art. 760, C. C. P. (1925) appellant was entitled to thirty days after adjournment without an extension order to file his statement of facts. The article further provides:

"* * * and upon good cause shown, the judge trying the cause may extend the time in which to file a statement of facts and bills of exception, and shall have the power in term time or vacation, upon the application of either party for good cause, to extend the several times for the preparation and filing of the statement of facts and bills of exception, *but the same shall not be so extended as to delay the filing thereof within ninety days from the date the notice of appeal is given.*"

It is positively stated that no order of extension shall carry the time of filing beyond 90 days from the date of notice of appeal, and in so far as the court's order giving 90 days from adjournment had the effect of extending the time beyond that permitted by the law it was unauthorized. Simpson v. State, 110 Tex. Cr. R. 399, 10 S. W. (2d) 567, and cases therein cited. See also authorities collated under Art. 760, Vernon's C. C. P. of Texas, Vol. 3.

The 90 days from notice of appeal expired on March 2d. The statement of facts was not approved by the trial judge until March 15th and was filed in the court below two days later. Under the plain provision of the statute the statement of facts was filed too late and cannot be considered.

The judgment is affirmed.

*Affirmed.*