ELIJAH WARREN v. THE STATE.

No. 14657.   Delivered January 27, 1932.
Rehearing Denied March 23, 1932.

The opinion states the case.

*J. D. Willis,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The appellant herein, after being duly warned and admonished, entered his plea of guilty. Evidence was heard by the jury, and the verdict and judgment were rendered. Appellant filed a motion for new trial. We think it unnecessary to set out the averments in the motion. The trial court overruled same, in which action of the court we perceive no error. The only bill of exception in this record complains of the overruling of the motion for new trial.

No error appearing, the judgment will be affirmed.

*Affirmed.*

62

MORROW, PRESIDING JUDGE.—On the 23rd day of March, 1931, the appellant was found guilty under an indictment charging him with the burglary of the house of Nettie Spence. In the motion for new trial, appellant set up what was termed "newly discovered evidence", and the action of the court upon the motion for new trial is the basis of the appeal.

From a bill of exception it appears that the date of the alleged offense was the 19th day of December, 1930. A plea of guilty was entered by him and judgment rendered on the 23rd day of March, 1931. On the 1st day of May, 1931, he presented a motion for new trial wherein he sought to withdraw his plea of guilty and enter a plea of not guilty. Appellant had been previously convicted in cause No. 8859 of the burglary of the residence of Idella Jones. Upon the trial of that case, he denied his guilt and claimed that the stolen property found in his possession was obtained from Adolph Flowers. He also sought to show and also introduced witnesses to show the existence of Adolph Flowers. The state's witnesses testified that they knew of no such person as Adolph Flowers in the community. In the plea at present under consideration, appellant averred that on the 30th of August, 1931, Bud Russell, the prison transfer agent, had brought to the city of Waco, several negroes, among whom was Adolph Flowers, who had been convicted in Dallas county in four cases of burglary alleged to have been committed during the month of February, 1931; that the Adolph Flowers in custody of the prison agent was the person from whom the appellant obtained the stolen property. Appellant also averred that his efforts to locate Flowers had been unsuccessful on his previous trial and the heavy verdict rendered against him induced him to enter a plea of guilty in the present trial. A motion for new trial was sought since the appearance of Adolph Flowers, in order that the matter of the appellant's guilt in the present trial might be determined under a plea of not guilty. The motion for new trial setting up new matters of fact mentioned above, not being verified, is not sufficient. See Williams v. State, 7 Texas App., 163, and cases cited in Vernon's Ann. Tex. C. C. P., vol. 3, p. 62, note 9. In qualifying the bill of exception complaining of the overruling of the motion for new trial, the judge who presided at the trial states that the appellant offered no evidence in support of the averments of the motion for new trial. In the qualification the court further stated that evidence was heard in the previous trial which was sufficient to support the finding by the jury that the Adolph Flowers who was in custody of the prison agent was not the individual from whom appellant claims to have received the stolen property. A recital of the evidence heard upon the former trial, as quoted in the bill, is deemed unnecessary. Our re-examination of the record confirms our previous statement that in over-

ruling the motion for new trial, the trial judge was supported by the record. The motion for rehearing is overruled.

*Overruled.*