SAM PATE V. THE STATE.

No. 15250.  Delivered June 1, 1932.
Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 63.

The opinion states the case.

*W. B. Thomas,* of Groveton, and *G. C. Lowe,* of Woodville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, cattle theft; the punishment, two years in the penitentiary.

Appellant's motion for new trial in this case was overruled on November 6, 1931, and at this time notice of appeal was given, at which time appellant was allowed 50 days in which to prepare and file a statement of facts and bills of exception. The statement of facts was not filed in the trial court until February 23, 1932, which was 109 days after notice of appeal had been given. On the 28th day of December, 1931, the trial court made an order extending the time in which to file a statement of facts and bills of exception and allowed 90 days from the date of adjournment of court on December 5, 1931. The statement of facts was filed within 90 days from the adjournment of court. The time for filing bills of exception and statement of facts may not be extended by the trial court beyond the 90-day period provided by statute. Article 760, C. C. P.; Tillar v. State, 111 Texas Crim. Rep., 410, 13 S. W. (2d) 368. So far as the court's order gave 90 days from adjournment had the effect of extending the time beyond that permitted by law, it was unauthorized. Simpson v. State, 110 Texas Crim. Rep., 399, 10 S. W. (2d) 567, and cases therein cited; Finley v. State, 115 Texas Crim. Rep., 240, 29 S. W. (2d) 346. The statement of facts was filed too late to be entitled to consideration by this court. See Simmons v. State, 116 Texas Crim. Rep., 68, 28 S. W. (2d) 1084; Steelman v. State, 106 Texas Crim. Rep., 214, 291 S. W., 549. We also note that the statement of facts does not show to have been approved by the trial judge.

No bills of exception appear in the record. Other complaints are made in appellant's brief of the overruling of a motion for a continuance and also overruling appellant's application for a change of venue. These are not brought forward by bills of exception and cannot be considered in the absence of bills of exception.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has ben examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing proceeds upon a misapprehension. His statement of facts was duly signed by the trial judge. We did not decline to consider

same upon the ground that it was not signed, but expressly stated that the said statement of facts was filed too late for our consideration, which was a correct conclusion.

The other ground of complaint is the refusal of the trial court to grant appellant's application for change of venue. We have no right to consider as error the refusal of a change of venue when no exception to such action was taken by the appellant. There is no bill of exception in this record making such claim.

There are no other complaints in the motion for rehearing, and same will be overruled.

*Overruled.*