## B. C. WILLIAMS V. THE STATE.

No. 21068. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Eugene Sherrod, Jr.,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Wichita County upon complaint and information charging theft of three suits of clothes, each of the value of more than Five Dollars, and by a jury was assessed a penalty of Ten Dollars and ten days in jail in each of the three cases. From a judgment entered on the jury's verdict, appeal is taken to this court.

The principal question presented in the appeal is whether or not the acts of appellant constituted theft or the taking of the suits for the purpose of pawning them with intention of returning them when he had paid the loan. This question arises on the following facts:

Appellant was working at the Orchid Shop in the City of Wichita Falls where he had been employed as a porter for several years. On Saturday at the close of the week he was fired and on the following Monday he went to the owner of the shop and begged to be reinstated. He told the owner that he had taken three suits of clothes on three different dates and wanted to make the promise to pay the suits out of the pawn shop where he had placed them. The evident purpose of this interview was to get himself reinstated in the job. He had been paid a salary of $16.00 a week, but had engaged much in the very entertaining but unprofitable occupation to which he had inherited a tendency, that of "shooting craps."

It may be concluded that luck had been against him. His wife and his mother, too, had become involved and all failed in their efforts to raise the money. Misfortune never comes singly. Though he poured out his heart to his long and faithful employer, it availed nothing. The officers were notified. He confessed to the three transactions. The books, ticket numbers, dates and even the memory of some happenings appear without dispute in the record. He had taken the clothing from storage vaults and had pawned them as his own. How he convinced the pawn broker that he was the owner in fee simple of three suits of clothes is not revealed in the record, unless the description of the green suit involved made it so appropriate as to eliminate any question about its ownership. He admitted before the jury his acts and conduct, which were ample to sustain their finding, though he declared he did not intend to appropriate the suits to his own use and benefit at the time he took them or at any time thereafter. He said, however, that he told the pawn broker that he wanted to get some money "on my suits." He did not tell him that they belonged to another. Again he was positive that instead of saying "on my suits" he said "on those suits" or "on this suit." All of that was proper before the jury who had all the facts and circumstances both from the mouth of the appellant himself and from the owner of the shop where he worked as well as an employee and the pawn broker. The evidence is ample to sustain a conviction for theft under proper instruction.

On the subject the appellant submitted several requested charges, one of which was given as follows: "If you find and believe from the evidence that the defendant did not intend at the time he took the property to permanently appropriate it, but only obtained it for a temporary use, that is, that he took the property for the purpose of using it as security on which to obtain a loan and intended to later redeem it and return it to the owner, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict, not guilty."

The other charges requested we consider as mere different forms of asking for the same thing. The foregoing is not approved as proper, but certainly is sufficient to instruct the jury on appellant's theory of the case.

In his charge the court submitted three cases to the jury and furnished them a proper form on which to return their verdict either for or against the appellant. At first they re-

turned into court only the first of the three forms filled out, in which they seem to have agreed on thirty days in jail and a $25.00 fine. Before accepting the verdict the court called their attention to the fact that they had not completed their verdict and told them to return "and deliberate further as to counts two and three." The jury did this and returned with the verdict as stated, giving the appellant ten days and a $10.00 fine in each case. This act is assigned as error, but is not sustained by us. Texas Jurisprudence Vol. 23, p. 662.

By bill of exception number six the appellant complains of the following paragraph of the court's charge: "You are further instructed that if from the evidence you believe beyond a reasonable doubt that the defendant is guilty under the two preceding paragraphs, but you have a reasonable doubt as to the value of the property taken being $5.00 or more, then you must give the defendant the benefit of such doubt and in such case if you find him guilty, his punishment shall be assessed in any sum not to exceed $200.00."

The giving of this charge is assigned as error. We doubt if it is warranted by the facts of the case as all the evidence shows each suit in question to be worth more than $5.00 and that fact is not disputed; however, it could only be favorable to appellant and by no process of reasoning can it be contended that it is harmful to him.

Finding no error in the trial of the case, the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.

In his motion for rehearing appellant criticises that part of the trial court's charge quoted in our original opinion and the disposition made of the complaint relative thereto.

The court had told the jury in paragraph two of the charge that the punishment for theft of property under the value of five dollars was by fine not to exceed two hundred dollars. In the charge complained of the court was endeavoring to protect appellant in an application of the law theretofore stated. If appellant thought the charge fell short of doing this he should not only have excepted thereto but—this being a misdemeanor—should also have presented a special charge correcting what he thought to be an error. Not having done this the question is not before us for review. See Teem v. State, 79

Tex. Cr. R. 285, 183 S. W. 1144; Hand v. State, 88 Tex. Cr. R. 422; 227 S. W. 194, and other cases cited in notes under Art. 662, Vernon's Ann. Tex. C. C. P., Vol. 2; see also Jones v. State, 20 S. W. (2d) 1067.

The motion for rehearing is overruled.