### HENRY KING V. THE STATE.

No. 23932. Delivered February 11, 1948.

No attorney of record on appeal for appellant.

Will R. Wilson, Jr., District Attorney, George P. Blackburn, and Waller M. Collie, Jr., Assistants District Attorney, both of

Dallas, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of three years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction of the offense charged.

The record reflects that both the injured party and the defendant are negroes; that approximately three weeks prior to the time of the difficulty, the injured party, Ed Hartfield, backed his car into the left fender of appellant's automobile and dented it. Hartfield told appellant to have it fixed, let him know the amount of money it took to have it repaired, and he would pay him. However, on two occasions when appellant asked him to pay for the repair, which was $2.50, he claimed that he did not have the money. At the time of the difficulty, they met in the road and appellant got out of his car and again demanded payment for the cost of repairing the fender. After the exchange of a few words, Hartfield started to drive away when appellant reached into his automobile, procured a gun, and at close range fired into the rear of the injured party's car. The shot passed through the back of the car and lodged in the shoulder of said Ed Hartfield. We deem the evidence sufficient to sustain the jury's conclusion of his guilt.

Bill of Exception No. 2 shows that William B. Miller testified for the State that he had quite a bit of experience with all kinds of firearms and more particularly with shotguns and the effect thereof with various sizes of shot at various distances. After giving his opinion of the distance appellant was from the back of the injured party at the time the shot was fired, he was asked on cross examination the following question by appellant's attorney, "Judging that the wound, Mr. Miller, was a flesh wound and had not reached the shoulder blade, the bone, what would be your opinion now with reference to the distance at which the shot was fired?" The State objected to the question, the court sustained the objection, and appellant duly excepted. This bill is deficient in that it fails to show what answer the witness would have made. However, there is no controversy between the testimony introduced by the State and that of appellant since the testimony of both is to the effect that it was approximately 10 to 15 feet. Quoting from appellant's testi-

mony on page 49, S. F., "I cracked down on him, I will say that I shot at the car; I was somewhere about 12 or 15 feet from his car at the time." We fail to see any injury to him no matter what the answer of the witness would have been.

By Bill of Exception No. 3 appellant complains of the action of the trial court in overruling his objection to the following questions propounded to him by the district attorney on cross examination: "You had it fixed with Willie Washington to come in here and tell the jury that he had been hunting with you." To which he, appellant. replied, "No, Sir." The question was repeated but what reply, if any, the appellant made does not appear in the bill. We see no error reflected by the bill. When appellant took the witness stand, he was subject to cross examination just as any other witness. Any inquiry which may shed any light upon the facts in the case, the integrity of the witness, or the laying of a predicate for impeachment is not improper unless the questions are not asked in good faith. There is nothing in the record which even remotely indicates bad faith on the part of the district attorney in asking the questions.

By Bill of Exception No. 4 appellant complains because the court overruled his motion for a new trial. His chief complaint in his motion was that after Willie Washington had testified for the State and after both the State and appellant had rested, some white man approached Willie and inquired of him why he had told a lie on his uncle when he was testifying for the State. Some of the witnesses introduced by the appellant on the hearing of the motion testified that this occurred on the stairway of the courthouse while others testified that it occurred on the street. At the conclusion of the evidence, the court overruled the motion. It occurs to us that the court was justified in overruling the motion because if it be conceded that the white man accused Willie of telling a lie on his uncle, it could not have injuriously affected appellant or the fairness of the trial since the evidence had been concluded, and there is not any evidence in the record that the jury had any knowledge thereof.

From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.