## JEFFERSON BANNER V. STATE.

No. 24551. January 18, 1950.

*R. E. Lee,* Mason, for appellant.

*Sam Connally,* District Attorney, San Saba, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Murder without malice is the offense; the punishment, five years in the penitentiary.

In view of the questions presented for decision, an extended statement of facts is not deemed called for.

Appellant was the owner, and cook of a small cafe. His brother was the waiter. Deceased and his wife, deceased's brother and his wife, and a niece and her friend were seated at

a table and had ordered food and drink. A dispute arose between deceased and the waiter as to the food and service. According to the state's testimony, the waiter began the difficulty, in which the appellant joined, and stabbed the deceased to death with a large knife. It was the defensive theory that deceased began the difficulty; that he and his brother attacked the waiter; that appellant acted in defense of his brother and himself against the joint and several attack of the deceased and his brother.

The issues arising were pertinently submitted to the jury, and no exception or objection was reserved to the court's charge.

Appellant complains of the overruling of his motion for a continuance because of his physical condition, which he insisted was such as to render him unable to assist his counsel in the trial of the case or to properly conduct or present his offense.

Upon the presentation of the motion, the trial of the case was deferred for one day, after which appellant again urged his motion for a continuance. The trial court directed that appellant be examined by a physician. The qualification to the bill of exception to the action of the trial court, in overruling the motion, shows that the examining physician advised the court that it was his opinion the appellant was physically able to stand trial and to assist counsel and to testify upon the trial. The qualification further shows that during the trial of the case appellant appeared to be alert and that he advised with and conferred with his counsel and testified fully in his own behalf as a witness.

Appellant, having accepted the bill of exception as qualified, is bound thereby.

The motion for a continuance was one addressed entirely to the equitable powers of the court; it was not a statutory motion. In the light of the qualification mentioned, as well as the record as a whole, we are unable to reach the conclusion that the trial court abused his discretion in overruling the motion for continuance and the motion for new trial in so far as it was based thereon. See Dix v. State, 142 Tex. Cr. R. 607, 155 S. W. 2d 923.

The witness, Willie Hawkins, gave material testimony in behalf of the appellant. Upon cross-examination he was, over appellant's objection, permitted to testify that he had been at one time represented by counsel for the appellant in the trial

of a criminal case. We are of the opinion that the testimony was admissible under the general rule as touching the credibility of the witness. Branch's P. C., Sec. 163, p. 93.

The action of the trial court in refusing to change the venue of the case cannot be considered by this court, because it was not brought forward by a bill of exception. Pate v. State, 122 Tex. Cr. R. 26, 53 S. W. 2d 63; Hill v. State, 123 Tex. Cr. R. 552, 59 S. W. 2d 411; Garsee v. State, 117 Tex. Cr. R. 497, 35 S. W. 2d 157.

In his motion for new trial, appellant alleged jury misconduct in two particulars: (a) the reading of newspaper accounts of the trial during the progress thereof, and (b) the receipt of other and new testimony during deliberations.

The trial court heard evidence upon the motion, which is brought forward in a statement of facts.

The statement of facts shows that during the trial of the case the jurors purchased and read newspapers. What the papers contained, if anything, relative to the trial of the case does not appear in the statement of facts. There is an absence, entirely, of any showing that the newspapers did not contain a fair report of the case or of the evidence heard by the jury. While it is the better practice that the jury, during the trial of the case, be not permitted to read the newspaper accounts of the trial, such becomes reversible error only when the accused is injured or prejudiced thereby. Branch's P. C., Sec. 561, p. 286; Williams v. State, 33 Tex. Cr. R. 128, 25 S. W. 629.

There is an absence of a showing of express injury to appellant by the reading of the newspapers. In the light of the record as a whole, we would not be willing to say that appellant was injured or prejudiced thereby.

As to the claim of new evidence during deliberations, it is sufficient to say that the statement of facts does not reflect that the remark made by a member of the jury was applicable to the instant case or that it constituted evidence of any fact or circumstance therein. Moreover, when the remark was made, discussion thereof was immediately suppressed by the foreman of the jury and the matter was not further mentioned by the jurors.

Under the statement of facts before us, we are unable to

156

conclude tht the jury received other and new testimony during deliberations.

Other bills of exception appearing in the record are overruled without discussion.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.