LUTHER THADDEUS PETERSON V. STATE.

No. 25552. December 5, 1951.
Rehearing Denied February 20, 1952.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 2, 1952.
Appellant's Third Motion for Rehearing Denied April 30, 1952.

256

Hon. Frank J. Fulgham, Judge Presiding.

*Philip R. Overton, P. P. Ballowe, Cofer & Cofer, G. Hume Cofer, John D. Cofer,* and *Critz, Kuykendall, Bauknight & Stevenson,* by *Richard Critz,* all of Austin, for appellant.

*George P. Blackburn,* State's Atty., of Austin, for the state.

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, two years.

The state offered testimony that four checks made payable to the order of W. Robinson, each in the sum of $29.75, signed "J. K. Johnson," dated "March 3, 1950," marked "Labor," were passed by appellant to four feed stores in the city of Weatherford between the hours of 4:00 p. m. and 6:00 p. m. in the afternoon on said date. In each case, the person receiving the check stated that appellant purchased a sack of feed, endorsed the check "W. Robinson, Rt. 3" in their presence, secured the difference in cash, and never returned to pick up the feed.

J. K. Johnson, a resident of the vicinity, testified that he did not write the checks nor authorize their being written. The three check transactions, not charged in the indictment, were admitted on the issue of identity, intent and system.

Appellant did not testify but offered proof of an alibi.

Appellant called as his own witness one D. E. Wheeler, the operator of the Keeler polygraph, or lie detector machine, for the Texas Department of Public Safety, and proved by him that

appellant had voluntarily submitted to a lie detector or polygraph test.

Bill of Exception No. 1 complains that "defendant desired to have said witness testify as to the facts observed by him in the giving of such test to the defendant," and the court sustained the state's objection on the theory that the proffered testimony of the polygraph operator and the facts concerning the test would invade the province of the jury and constituted a mere expression of opinion as to the guilt or innocence of the defendant.

The bill is defective in that it wholly fails to show what the excluded testimony would have shown in behalf of the appellant had it been admitted. Singleton v. State, 150 Tex. Cr. R. 372, 200 S. W. (2d) 1015, and King v. State, 151 Tex. Cr. R. 410, 208 S. W. (2d) 676.

Further, it will be noted that this court has not yet authorized the admission of such evidence on behalf of the state, and, until this is done, it cannot be admitted on behalf of the defendant.

Bill of Exception No. 2 complains that the state was permitted to prove the passing of the three Weatherford feed checks other than the one described in the indictment.

The rule authorizing the admission of proof of other transactions to show guilty intent, knowledge or systematic purpose to defraud in forgery and passing cases is best stated in Texas Jurisprudence, Volume 19, Section 54, page 865.

Bill of Exception No. 3 complains that the trial court refused to permit five witnesses from Cleburne and one expert from the Texas Department of Public Safety to testify for appellant. We find a recitation in the bill that all of said excluded testimony relates to the question of identity of the defendant. For this court to permit the grouping in one bill of complaint concerning the exclusion of the testimony of six different witnesses, on the theory that all of such testimony related to one issue, would create untold confusion. The rule against multifarious bills is based on reason, that being that a bill must be directed to a single supposed error so that this court may know from an examination of the bill the particular ruling of the court assigned as error. Where it is felt that a great many mat-

ters need to be set forth in one bill, then appellant should somewhere in the bill elect as to which error he relies upon.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant complains of our disposition of his Bill of Exception No. 1 and urges that the bill should be considered.

The defect in this bill is that it does not show that the witness, if permitted to answer, would have testified that the test showed a result favorable to appellant.

There is no showing in the bill that appellant made known to the court the expected answer, nor is it shown that appellant was denied the opportunity to examine the witness in the absence of the jury for the purpose of perfecting his bill.

We remain convinced that the bill fails to show reversible error.

Bill of Exception No. 3 has been re-examined in the light of appellant's able brief and argument.

We are unable to agree that this bill should be construed as relating only to the exclusion of the testimony of the handwriting expert. The ruling of the court in excluding the testimony of the several witnesses on the question of identity appears also to be assigned as error in this bill. It is therefore multifarious and cannot be considered.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.

ON APPELLANT'S THIRD MOTION FOR REHEARING.

DAVIDSON, Judge.

We granted appellant the right to file a third motion for rehearing upon the allegations of the motion that the count of the indictment upon which the conviction was predicated was fatally defective.

Since the filing of the motion, there has been filed herein a supplemental transcript containing a certified copy of the indictment, which shows that the claimed defect therein did not, in fact, exist and that the indictment was incorrectly copied in the original transcript.

The indictment as it appears in the certified copy is subject to no defect.

Appellant again challenges, with much earnestness, our conclusion that the facts warrant the conviction.

The facts have been examined again in the light of the contentions made, and we remain convinced that the jury's conclusion of guilt was warranted thereby. It must be remembered that in testing the sufficiency of the evidence to support a conviction, it is the province of this court to determine only whether there is any evidence which, if believed, shows the guilt of the accused.

By its verdict, the jury, found appellant guilty of the offense of passing a forged instrument. In entering judgment upon that verdict, the trial court incorrectly adjudged appellant guilty of the offense of forgery. The judgment is therefore reformed so as to adjudge appellant guilty of the offense of unlawfully passing a forged instrument, and the sentence is reformed to comply with the judgment.

The motion for rehearing is overruled.

Opinion approved by the court.