## PETERSON v. STATE.

### No. 25552.

Court of Criminal Appeals of Texas.
April 30, 1952.

Cofer & Cofer, G. Hume Cofer, John D. Cofer, Critz, Kuykendall, Bauknight & Stevenson, and Richard Critz, all of Austin, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

■ We granted appellant the right to file a third motion for rehearing upon the allegations of the motion that the count of the indictment upon which the conviction was predicated was fatally defective.

Since the filing of the motion, there has been filed herein a supplemental transcript containing a certified copy of the indictment, which shows that the claimed defect therein did not, in fact, exist and that the indictment was incorrectly copied in the original transcript.

The indictment as it appears in the certified copy is subject to no defect.

■ Appellant again challenges, with much earnestness, our conclusion that the facts warrant the conviction.

The facts have been examined again in the light of the contentions made, and we remain convinced that the jury's conclusion of guilt was warranted thereby. It must be remembered that in testing the sufficiency of the evidence to support a conviction, it is the province of this court to determine only whether there is any evidence which, if believed, shows the guilt of the accused.

■ By its verdict, the jury found appellant guilty of the offense of passing a forged instrument. In entering judgment upon that verdict, the trial court incorrectly adjudged appellant guilty of the offense of forgery. The judgment is therefore reformed so as to adjudge appellant guilty of the offense of unlawfully passing a forged instrument, and the sentence is reformed to comply with the judgment.

The motion for rehearing is overruled.

Opinion approved by the Court.