IRA LOYD CARTWRIGHT V. STATE.

No. 26,151. January 28, 1953.
Rehearing Denied March 11, 1953.

*Bing & Bing,* by *Kenneth W. Bing,* Velasco, for appellant.

*Sam Lee,* County Attorney, Angleton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is transportation of whiskey in a dry area; the punishment, six months in jail and a fine of $250.00.

Inspector Russell, of the Texas Liquor Control Board, testified that on the night in question he occupied cabin No. 6 at a certain court; that he got someone to call the appellant and order a pint of whiskey; that appellant responded to the call, drove up to the cabin in an automobile, and delivered a pint of whiskey to him, and was arrested as he left the cabin.

Inspector Griffin testified that he and other agents were in cabin No. 7 at the time the above delivery was effected and observed appellant drive into the courts, get out of his automobile, and walk directly to cabin No. 6.

Appellant did not testify in his own behalf, but offered the witness Branch, who testified that he was in possession of cabin No. 8 on the night in question; that he had two pints of whiskey therein; that he left the door unlocked, and when he returned the whiskey was missing. He stated further that he had given appellant permission to take the whiskey and that appellant reported to him the following day that he had done so.

Bill of Exception No. 1 recites that on cross-examination of the witness Russell the line of questioning was directed at testing the knowledge of the witness; that an objection was made; the court sustained it and excluded the testimony. Nowhere therein are we able to tell what the question was or what testimony was excluded. Such a bill presents nothing for review. Taylor v. State, 116 Tex. Cr. R. 641, 31 S. W. 2d 1072, and King v. State, 151 Tex. Cr. R. 410, 208 S. W. 2d 376.

Bill of Exception No. 2 relates to the overruling of a motion for new trial based upon newly discovered evidence.

The county attorney controverted the motion for new trial and alleged lack of diligence. The bill contains a recitation of the contents of affidavits from the newly discovered witnesses which were offered in support of the motion, but there is no statement of facts on the hearing; and we have no way of knowing what other testimony may have been before the court when he over-ruled the motion. We cannot accept the allegations in the motion or in the bill relating to appellant's diligence as proof of such fact. In the absence of a statement of facts on the hearing on the motion, we have no way of passing on the question sought to be raised.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that consideration should have been given to the overruling of his motion for new trial based upon newly discovered evidence as shown by the affidavits of the alleged absent witness which were attached to the motion.

We note that the motion for new trial was not sworn to by appellant or by his counsel.

A motion for new trial on the ground of newly discovered evidence must be sworn to. Branch's P. C., Sec. 193, and authorities there cited. See, also, Warren v. State, 120 Tex. Cr. R. 61, 47 S. W. 2d 289.

The motion for rehearing is overruled.

Opinion approved by the court.