JOHN DOYLE GASKINS V. STATE

No. 28,795. February 6, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 27, 1957.

*Cliff Tupper,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the felony offense of driving a motor vehicle upon a public highway while intoxicated; the punishment, 30 days in jail and a fine of $500.

The state offered the judgment in a prior conviction for the misdemeanor offense of driving while intoxicated and the arresting officer in that case identified appellant as the defendant therein.

Also appellant admitted the prior conviction and it was stipulated that he was one and the same person who was tried and convicted of the misdemeanor offense of driving while intoxicated in the cause described in the indictment.

The copy of the judgment in said prior conviction offered in

evidence is somewhat irregular, but is not void. In the light of the testimony and the stipulation, we overrule the contention "that so far as the record is concerned, there is no such (valid) judgment."

There is but one other claim of error. It relates to the cross-examination of a state witness wherein appellant says he was seeking to establish appellant's good reputation, especially as to the particular trait of not operating a car while under the influence of intoxicating liquor.

There is nothing in the record to show what the testimony of the witness would have been had he been permitted to answer the questions which the court held were not properly phrased, hence no reversible error is shown. See Peterson v. State, 157 Texas Cr. Rep. 255, 247 S.W. 2d 110; Singleton v. State, 150 Texas Cr. Rep. 372, 200 S.W. 2d 1015; King v. State, 151 Texas Cr. Rep. 410, 208 S.W. 2d 376.

There was a sharp issue drawn as to appellant's state of sobriety. Sam Cox, Sheriff of Glasscock County, and Floyd Moore, Chief Deputy Sheriff of Howard County, who were together when appellant and his companion were arrested and taken from the car, expressed the opinion that appellant was under the influence of intoxicating liquor, while appellant and his companion, who the officers said were drunk and who pleaded guilty and were fined for being drunk in a public place, testified that appellant was not drinking and was sober.

Sheriff Cox testified in part: "Q. Will you please describe to the jury the best you can the things that you observed concerning Mr. Gaskins' conduct and appearance that led you to believe he was intoxicated? A. Well, he had the smell of it on his breath and his car smelled of it and he had spilled some beverage in the car and the car smelled highly of liquor, and his face was very flushed and very red, and his talk and his speech was not clear. He was very thick tongued. His walk was unstable. He wasn't sure when he would put one foot down whether he would hit the ground or not."

The jury decided the disputed issue of appellant's intoxication against him and the evidence sustains its finding.

The judgment is affirmed.