### JOHN HUNTER STOCKWELL V. STATE

No. 28,905. April 10, 1957.
State's Motion for Rehearing Overruled
(Without Written Opinion) May 22, 1957.

*Barlow and Keene,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Anthony Nicholas* and *Edward R. Finck, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by assault, with three prior convictions of felonies less than capital alleged to enhance the punishment under Art. V.A.C.P.; the punishment, life imprisonment.

In view of our disposition of the case a recitation of the facts is not deemed necessary, other than to state that the state's testimony shows that on or about the date alleged the injured party, M. E. Fred, who was manager of the Professional Pharmacy in the city of San Antonio, was assaulted and robbed of the sum of $100 in money and a quantity of narcotics. As a witness for the state, Fred identified the appellant as the man who assaulted and robbed him. Two other witnesses called by the state, who were present in the pharmacy at the time of the robbery, testified that appellant looked like the man who committed the robbery but did not positively identify appellant as the man.

Proof was made by the state of the appellant's prior convictions as alleged in the indictment.

Bill of Exception No. 1 relates to the court's action in overruling appellant's amended motion for new trial in which certain jury misconduct was alleged and in refusing to allow evidence to be offered thereon.

In the motion it was alleged, as jury misconduct, that certain jurors had read a newspaper article appearing in the San

Antonio News on the evening of October 15, 1956, after they had been examined on voir dire examination, sent home for the evening by the court and the court announced that the peremptory challenges would be taken on the following morning.

The newspaper article was attached to the motion as Exhibit A, and made a part thereof, and related to the trial of appellant. Omitting certain portions thereof, the article read:

"Stockwell Jury Starts Forming.

"Stockwell's sister, Mrs. Jack Skelton of Dallas, wrote Gov. Allan Shivers demanding that her brother be given a lie detector test. She charged four tests he had been given at police headquarters here were made with a defective machine.

"Shivers declined the request but forwarded her letter to Asst. Dist. Atty. Anthony Nicholas who arranged another test in Austin. He said the results were unchanged."

It was further alleged in the motion that after the jury had retired to deliberate upon the case one certain juror asked the entire jury if they had read the newspaper article and several jurors answered in the affirmative.

The motion was supported by affidavit of the juror Maupin in which, omitting the formal parts, he stated:

"That my name is M. H. Maupin, and I am a resident of Bexar County, Texas. That I was a juror in the case of the State of Texas vs. John Hunter Stockwell, No. 55164, in the Criminal District Court No. 2, Bexar County, Texas. That the jury panel was questioned on the 15th day of October, A.D. 1956, and that Monday evening they were allowed to go home and were told by the Court to return on the morning of the 16th of October, A.D. 1956.

"I take the San Antonio News and that night (the 15th) I read an article in the News headlined 'Stockwell Jury Being Selected,' or words to the same effect. After the testimony in the case was finished and the arguments had been heard, and the jury retired to the jury room to deliberate, the foreman, Walter Schaeffer, a preacher from Leon Springs, Texas, asked the jury panel if they had read the article 'that was in last night's paper,' referring to the article I had read, and several of them

answered in the affirmative. I do not remember what else was said about the newspaper, but from what was said, I understood what they were talking about."

The action of the court in overruling the motion and refusing to allow evidence to be presented thereon constitutes reversible error.

One of the statutory grounds for a new trial in a felony case under Article 753 V.A.C.C.P. is "where the jury, after having retired to deliberate upon a case, have received other testimony."

In 31 Texas Jur., Par. 48, page 241, it is stated:

"A new trial should be granted if, during their deliberations the jury had access to newspapers and considered an account therein of the case which was imperfect or incorrect, or an account which contained new evidence not introduced upon the trial."

In the early case of Williams v. State, 33 Texas Cr. Rep. 128, 25 S.W. 629, in which jury misconduct was claimed because two of the jurors read newspaper accounts of the trial after they had retired to deliberate upon their verdict, it was said:

"While it is true that where a newspaper contains prejudicial reports of the trial, or comments on the case, or the persons or character of those connected therewith (Walker's case, 37 Texas 380), or where it contains matter calculated to influence the verdict (People v. Murray (Cal.) 24 Pac. 666), the verdict should be set aside, yet where there is nothing in the newspaper statement of the evidence calculated in any way to affect the rights of the defendant, while it is not proper to admit it to the jury, still it should not vitiate the verdict."

In Banner v. State, 154 Texas Cr. Rep. 153, 225 S.W. 2d 975, in passing upon a claim of jury misconduct because the jurors purchased and read newspapers during the trial the court said:

"While it is the better practice that the jury, during the trial of the case, be not permitted to read the newspaper accounts of the trial, such becomes reversible error only when the accused is injured or prejudiced thereby. Branch's Ann. P.C., Sec. 561, p. 286; Williams v. State, 33 Texas Cr. Rep. 128, 25 S.W. 629."

The newspaper article's reference to the appellant having been given lie detector tests was clearly a reference to matters not in evidence before the jury. Evidence as to such tests would have been inadmissible upon the trial on behalf of either the state or the appellant. Peterson v. State, 157 Texas Cr. Rep. 255, 247 S.W. 2d 110; rehearing denied 157 Texas Cr. Rep. 255, 248 S.W. 2d 130.

It is common knowledge that a lie detector or polygraph test is a test used by officers to ascertain the guilt or innocence of an accused. The statement in the article that appellant's sister had demanded of the Governor that appellant be given a lie detector test and that she charged that four tests he had been given were made with a defective machine, could be interpreted as meaning that the results of the tests which had been given were adverse to appellant.

The allegation in the amended motion for new trial that certain of the jurors had read and considered the newspaper article and the juror's affidavit supporting the allegation were sufficient to raise the issue of jury misconduct and the question of injury to appellant, and the court erred in refusing to allow evidence to be offered thereon.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge, dissenting.

The amended motion for new trial alleged that the newspaper article appeared after the jurors had been examined on voir dire and some of those taken on the jury the next morning read it; and that after the jury had retired to deliberate one juror asked the others if they had read the article "in the paper last night" and several answered in the affirmative.

The trial court properly held that, assuming such allegations to be true, a new trial would not be called for.

At most the allegations of the motion for new trial and the juror's affidavit show a casual reference to the existence of the article, not its contents.

A mere casual reference to improper matters in the jury

room is not ground for reversal. Greenwood v. State, 157 Texas Cr. Rep. 58, 246 S.W. 2d 191.

There is no allegation that the question regarding the newspaper article was asked during the jury's deliberations and before the verdict had been agreed upon. Branch's Ann. P.C., 2d Ed., Sec. 586. Even so, no juror is shown to have heard anything from the other members of the jury that he did not know prior to being sworn as a juror. Glass v. State, 143 Texas Cr. Rep. 88, 157 S.W. 2d 399; Garver v. State, 158 Texas Cr. Rep. 585, 258 S.W. 2d 812.

The reading of newspaper articles by members of the panel before they are sworn as jurors would not alone disqualify them as jurors or constitute ground for challenge, even if they had formed an opinion therefrom. Art. 616(13) V.A.C.C.P.; Willis v. State, 128 Texas Cr. Rep. 504, 81 S.W. 2d 693.

It was not alleged that any juror served on the case who was not fair, impartial and unprejudiced or that any of them had, from reading the newspaper article or otherwise, formed an opinion as to appellant's guilt or innocence which would or did influence them in arriving at a verdict.