CALVIN PLACKER V. STATE

No. 33,606.   October 2, 1961
Motion for Rehearing Overruled November 15, 1961

*Sam L. Harrison,* San Antonio, *T. P. Henley* (on appeal only)
San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Harry A.
Nass, Jr.* and *John G. Benavides,* Assistants Criminal District
Attorney, San Antonio, and *Leon Douglas,* State's Attorney,
Austin, for the state.

DICE, Judge.

The offense is indecent exposure to a minor child; the punishment, six years.

The state's evidence was undisputed that, on the date alleged in the indictment, a man while seated in an automobile with the door open, near an elementary school in the city of San Antonio, exhibited his private parts and engaged in an act of masturbation in the view of three young girls who were seated some ten feet away.

Appellant was positively identified by the prosecuting witness, thirteen years of age, and by one of her companions, several days later at a police lineup and at the time of trial, as the man who had exposed his person to them. Upon being called as witnesses by the state, the prosecuting witness was also corroborated in her testimony, both as to her identification of appellant and his acts and conduct on the occasion in question, by a teacher at the school and three other girls including the two who were sitting with her.

Appellant, testifying as a witness in his own behalf, denied committing the acts and testified to a defense of alibi. Several character witnesses called by appellant testified that his general reputation for truth and veracity and for being a peaceable and lawabiding citizen was good.

The court submitted to the jury appellant's defense of alibi,

which was by them rejected. We find the evidence sufficient to sustain their verdict.

The record contains no formal bills or objections to the court's charge and no brief has been filed on behalf of appellant.

We have examined the informal bills of exception and find no reversible error therein. Certain bills complain of the court's action in refusing to permit appellant to show that he had been given a polygraph test and the results thereof. Under the holdings of this court, evidence of the results of a polygraph test is not admissible on behalf of either the state or the defendant. Peterson v. State, 157 Tex. Cr. R. 255, 247 S.W. 2d 110, Rehearing denied, 248 S.W. 2d 130; Stockwell v. State, 164 Tex. Cr. R. 656, 301 S.W. 2d 669, and Davis v. State, 165 Tex. Cr. R. 456, 308 S.W. 2d 880.

The judgment is affirmed.

Opinion approved by the court.