WILLIE LEE BURRAGE V. STATE

No. 34,481.   March 28, 1962
Motion for Rehearing Overruled May 9, 1962

*Bill Stephens* and *Wynn G. Stanton*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *John Rogers*, *Robert Maloney*, *O. H. Harris*, *Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 20 days in jail and a fine of $50.

The sole ground for reversal is the contention that the evidence is insufficient to sustain the conviction.

Police Patrolmen Hutson and Litherland stopped the automobile appellant was driving because it fitted the description of a car that had been involved in a hit and run accident. It proved not to be such car, but as a result of the officers' conversation with appellant and their observation of him, the manner of his speech and his walk, and the odor of alcoholic beverage on his breath, they formed the opinion that he was intoxicated.

Appellant testified that he had not consumed more than four large glasses of beer and, in effect, testified that he was not intoxicated.

Officer Hutson testified, in part:

"A. I asked him if he had had anything to drink, an alcoholic beverage, and he said, 'Yes,' he had had quite a few beers.

"Q. What was his manner of walk at this time? Why was it you assisted him? A. He was swaying, and walking along, bobbling.

"Q. And, during this period of time that you talked with him, what was his manner of speech, how did he form his words and speak to you? A. His speech was thick, and at times it was incoherent.

"Q. There were six cans of beer in the Defendant's automobile? A. Yes, sir.

"Q. And, how was his walk at this time? A. It was swaying.

"Q. And, did you observe his eyes? A. Yes, sir, I did.

"Q. And, what was the condition of them at that time? A. They were bloodshot.

"Q. Again, relating both to the scene, and while you had the Defendant in the jail office, did you smell anything on his breath? A. Yes, sir, I smelled an alcoholic beverage breath.

"Q. Now, Officer Hutson, I believe you stated that you had been on the police force seven years? A. Yes, sir.

"Q. And, during this period of time, have you had the occasion to serve or handle few or many people under the influ-

ence of alcohol? A. I have handled many, many people under the influence of alcohol.

"Q. And, based on this experience on the police force, and based on your observation of the defendant, Willie Lee Burrage, on the 12th day of November, 1960, about 12:30 A.M., did you form an opinion as to whether or not the Defendant was intoxicated or under the influence of intoxicating liquor? A. He was intoxicated."

Patrolman Litherland's testimony was to the same effect.

In describing the manner in which appellant walked, he testified: "He was walking in a weaving, staggering, unbalanced condition," whereas Patrolman Hutson testified on cross-examination: "He didn't stagger, he was swaying — that he was taking steps to the side, but he was listing more or less and lean___ over at an angle, not staggering."

The discrepancy mentioned, together with the fact that one of the officers testified that he assisted appellant in walking whereas the other testified that he held appellant's arm and did not even let him walk by himself, is pointed out in appellant's brief.

There being sufficient evidence to support the jury's verdict, the discrepancies in the testimony of the officers do not render such evidence insufficient to sustain the conviction. Singleton v. State, 150 Texas Cr. Rep. 372, 200 S.W. 2d 1015.

The judgment is affirmed.