**Lonnie L. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40754.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Rehearing Denied Dec. 13, 1967.

Vernis Fulmer, Marion G. Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, five years.

Appellant's first ground of error is that the District Attorney committed reversible error when he informed the jury that there was more than one charge of assault to murder pending against appellant during the voir dire examination of the jury panel. The indictment charged an assault upon Willie Pleasant on August 1, 1965. While examining prospective juror Brown, the prosecutor asked if he knew appellant and then asked if he knew that he was charged with having assaulted George Pleasant, Jr., on August 1, 1965. The following transpired:

Appellant's Counsel: "If your honor please, I would like to decide which one he is going to try now, as he read the indictment it was Willie Pleasant, of course he knows there are two on him, now he is taking the other one."

State's Counsel: "Your honor, I possibly made a mistake."

Appellant's Counsel: "I don't care which one they try, we would enjoy trying them both at the same time?"

State's Counsel: "We will agree to that, if he waives, we will agree to try both cases, and let the jury assess punishment in both cases if he agrees to it."

Appellant's Counsel: "I am not familiar enough with the new code to know whether it can be done or not."

■ Since it was appellant's counsel who made the fact of two indictments known to the panel, we conclude that the court did not err in denying appellant's motion for a mistrial made at the conclusion of the case.

Appellant's next ground of error is that at the conclusion of the first day's proceedings, one of the jurors (Sutton) who did not hear any instructions from the court about not reading newspaper accounts of the trial, did read the evening paper which carried a banner:

"25 CRIMINAL CASES SCHEDULED Two Capital Cases Set for Feb. 28."

Several cases were mentioned and in the middle of the article appears:

"Lonnie L. Johnson, Nacogdoches, for assault with intent to murder, two indictments."

Further down in the article appears:

"Lonnie L. Johnson, Railroad Street, theft."

■ No facts were set forth in the article. It was merely a recitation of the court's docket. Juror Sutton was not questioned as to whether he had read the "Railroad Street, theft" portion of the article. What we have said in discussing appellant's first ground of error disposes of any injury that appellant may have suffered from reading the entire article, including that portion concerning "two indictments."

With no further showing of injury, we would not feel called upon to reverse this conviction, if, in fact, Sutton did read the "Railroad Street, theft," portion of the article. See Banner v. State, 154 Tex.Cr.R. 153, 225 S.W.2d 975.

■ Appellant's last ground of error is that the court erred in not granting a new trial so that his wife might testify for him. She was not called as a witness at the trial. The matters set forth in her affidavit filed in support of appellant's motion for new trial were matters which must have been known to appellant at the trial or could by exercise of reasonable diligence have been ascertained by asking his wife. A new trial may not be granted every time a witness has a change of heart.

In Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, we said:

"To grant a new trial on this state of facts would permit Dr. Bolding to act as the final arbiter on the question of punishment. That is, he might refuse to disclose what he knew in the premises and await the verdict of the jury, which, if displeasing to him, might be set aside, by the simple expedient of changing his mind and deciding to testify. Such a procedure could very easily in some other case permit an appellant to hold back a witness to insure a new trial if the verdict went against him."

Finding no reversible error, the judgment is affirmed.