John Joseph **RENESTO**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 42689.

Court of Criminal Appeals of Texas.

March 25, 1970.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Marvin Snodgrass, Joe C. Spurlock, II, and George W. Harrison, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault with a firearm; the punishment, 5 years' confinement in the Texas Department of Corrections.

▆ The appellant's conviction resulted from a plea of guilty entered before a jury.[1]

The record reflects that on November 14, 1968, near midnight Mrs. Lundberg, an employee of the Hitching Post Grocery at 5428 Jacksboro Highway in Tarrant County, was robbed at gunpoint of $53.00 by a man named Smith who made her place the money in a brown paper bag.

Carey Dulaney related that earlier on the same evening the appellant and one Smith had entered his car in downtown Fort Worth near the bus station and at gunpoint ordered him to drive off; that the appellant and Smith subsequently took his billfold and money and took control of his automobile; that after stopping at several places the appellant drove to the Hitching Post Grocery where Smith entered the store and returned shortly thereafter with money in a paper bag; that they released him (Dulaney) near a hotel.

Leo Koestler, manager of the Exchange Hotel, testified appellant and Smith registered at his hotel shortly after the time of the robbery; that they departed the next morning leaving a brown paper bag that they had checked with him earlier. The bag was found to contain a pistol.

The appellant took the witness stand and made a judicial confession and testified he had earlier given a written extra-judicial confession as to the alleged offense.

In his first ground of error the appellant contends the trial court erred in failing to grant a mistrial when the appellant on cross-examination was asked a prejudicial question concerning an extraneous offense.

The appellant was interrogated as to whether, in the presence of Dulaney on the night in question, there had been discussed a particular reason for the appellant and Smith leaving Fort Worth. He responded that "Mr. Smith was wanted at the time." Appellant later testified he recalled a discussion "about somebody being wanted" but could not remember exactly what was said. Thereafter the prosecutor asked the following question:

"Q. Do you remember having a discussion there with Mr. Dulaney about your being wanted for statutory rape?"

The question was never answered. The objection of appellant's counsel was sustained, the jury was instructed to disregard the question, but the motion for mistrial was overruled.

"The Court of Criminal Appeals rarely reverses a conviction of crime solely because an improper question was propounded to the defendant as a witness. To cause reversal the question must be obviously harmful to the defendant. See Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731.

"In deciding such question it must be remembered that each case has its own characteristics and this Court will look at the entire record with the surrounding circumstances, the nature of the evidence sought and its possible relationship to other testimony, in order to determine the probability or possibility of injury.

"It is, of course, well established that an accused is to be tried upon the merits of each case alone and that proof of extraneous crimes or specific acts of misconduct are not generally admissible, except under certain conditions and exceptions." Sensabaugh v. State, Tex. Cr.App., 426 S.W.2d 224.

1. "It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, Tex.Cr.App., 430 S.W.2d 494.

We recognize, under certain circumstances, as urged by the appellant, that permitting a question on cross-examination imputing guilt of another offense is prejudicial error notwithstanding the fact that no answer is given and the court instructs the jury to disregard.

We have carefully examined the record and cannot conclude that the question was obviously harmful to the appellant. The question as framed and in the context in which it was asked was not a direct assertion of fact imputing guilt of another offense. The question was not answered and the court promptly instructed the jury to disregard. The appellant's plea was guilty and the jury assessed the minimum penalty.

Ground of error #1 is overruled.

Next, appellant urges the court erred in failing to grant a mistrial when the witness Dulaney unresponsively stated he had taken a polygraph test.

The matter arose in the following manner on direct examination:

"Q. Now the following day did you go anywhere with any Fort Worth police officer?

"A. Well, I went downtown at eight o'clock in the morning and took a polygraph test * * *."

The objection was sustained and the court promptly instructed the jury to disregard. The results of such test were never mentioned.

"Under the holdings of this court, evidence of the results of a polygraph test is not admissible on behalf of either the state or the defendant. Peterson v. State, 157 Tex.Cr.R. 255, 247 S.W.2d 110, rehearing denied [157 Tex.Cr.R. 255,] 248 S.W.2d 130; Stockwell v. State, 164 Tex.Cr.R. 656, 301 S.W.2d 669, and Davis v. State, 165 Tex.Cr.R. 456, 308 S.W.2d 880." Placker v. State, 171 Tex. Cr.R. 406, 350 S.W.2d 546. See also

Nichols v. State, Tex.Cr.App., 378 S.W. 2d 335; Wall v. State, Tex.Cr.App., 417 S.W.2d 59.

"Accordingly, proof may not be made that an accused or a witness refused to take such test." 23 Tex.Jur.2d, Evidence, Sec. 402, p. 601; Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627.

In Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434, it was, however, held that permitting the State to show that another suspect had also taken a lie detector test, results of which were not disclosed, did not call for reversal of conviction of accused who had confessed.

In Charles v. State, Tex.Cr.App., 424 S.W.2d 909, cert. den. 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401, this court, speaking through Judge Dice, said:

"From the record, it appears that the reference to taking a polygraph test related to other people and not the appellant. This would not constitute reversible error under the rule announced in Peterson v. State, 157 Tex.Cr.R. 255, 247 S.W.2d 110, 248 S.W.2d 130, cited by appellant."

In Paredes v. State, Tex.Cr.App., 368 S.W.2d 620, no error was shown in the nonresponsive answer of an officer to the effect that he had taken the accused "to a polygraph machine" where the record did not indicate a test had been given, or, if given, the results thereof. Further, in Roper v. State, Tex.Cr.App., 375 S.W.2d 454, no reversible error was shown in a statement of an officer that the accused had been subjected to a polygraph test, where the statement was unresponsive and test result was not revealed and the jury was instructed to disregard.

In light of these authorities and under the circumstances presented, we perceive no reversible error.

Ground of error #2 is overruled.

The judgment is affirmed.